## J. R. DANIELS, Respondent, v. JOHN BARTON PAYNE, Agent of the United States Government, Appellant.

(191 N. W. 776.)

**Damages — evidence of injury to spine, etc., held to sustain verdict for $10,000.**

Upon a second trial of an action for personal injuries the plaintiff recovered $10,000 damages. A motion was made in the trial court for judgment non obstante, or, in the alternative, for a new trial, which motion was denied. The evidence is examined, and it is held that it is not insufficient, as a matter of law, to sustain the verdict.

Opinion filed December 23, 1922.

Damages, 17 C. J. § 417 p. 1098 n. 8.

Appeal from the judgment of the District Court of Hettinger County, *Lembke, J.*

Judgment affirmed.

*Young, Conmy & Young,* for appellant.

In considering this motion we particularly ask the court to read decisions in Waterman v. Soo, 26 N. D. 540; Carpenter v. Dickey, 26 N. D. 176, and the note found in L.R.A.1915F, p. 30; Heath v. Taxicab Co. (Wash.) 131 Pac. 843; Yarborough v. Swift & Co. 44 So. 121; Illinois Cent. R. Co. v. Downs, 122 Ill. App. 545; James v. Hauden Bros. (Neb.) 150 N. W. 1013; St. Louis Ry. v. Brabizer (Ark.) 112 S. W. 222.

"There is relatively an obligation resting upon employees to yield obedience to all proper rules and orders; and if an employee sustain an injury by reason of a violation of the employer's regulations, orders, or commands, he will be barred of all right of recovery from the employer on the score of the latter's negligence." 18 R. C. L. 659.

An employee riding on a rear end platform, contrary to rules of the railroad, held prevented from recovering from injury. Atchison, T. & S. F. R. Co. v. Reesman, 60 Fed. 370.

Yardmaster going between cars where the coupling was known to be

Note.—On excessiveness of verdicts in actions for personal injuries other than death, see note in L.R.A.1915F, 30; 8 R. C. L. 674; 2 R. C. L. Supp. 638; 5 R. C. L. Supp. 480.

defective prevented from recovery because of the rule. St. Louis M. & S. R. Co. v. Rice (Ark.) 11 S. W. 699.

Where rules of the company required one riding on a hand car rounding a curve to flag the curve, a section foreman failing to comply with this rule held guilty of contributory negligence, barring recovery. Louisville R. R. Co. v. Markee (Ala.) 15 So. 511.

An engineer running train in violation of rules held guilty of contributory negligence. Eastern Tenn. V. & G. R. R. Co. v. Kane (Ga.) 18 S. E. 19.

A switchman or brakeman entering between cars when in motion, contrary to rules of company, held guilty of negligence precluding recovery. Ford v. C. R. I. & P. R. R. Co. (Iowa) 59 N. W. 5; Grand v. Michigan C. R. Co. (Mich.) 47 N. W. 837.

Railroad providing that brakeman should not leave brakes while train is in motion and that rear brakeman must not leave last car held reasonable, and plaintiff precluded from recovery because of violation. Gordy v. N. Y. P. & N. R. R. Co. (Md.) 23 Atl. 607.

Fireman's failure to call attention to engineer to signal where so required by the rules held contributory negligence, barring recovery. Elmgren v. C. M. & St. P. R. R. Co. (Minn.) 112 N. W. 1067.

Car inspector's failure to put out blue flag in conformance with rule of company, bars recovery. N. Y. C. & St. L. R. R. Co. v. Ropp (Ohio) 81 N. E. 748.

The United States Supreme and the Federal Court absolutely bar a recovery on the theory that the violation of the rule is the proximate cause of the injury, or that the servant in violating the rule assumed the risk of injury. These decisions are controlling and are being followed by all the state courts in their later decisions on the subject. G. N. R. Co. v. Wiles, 240 U. S. 444.

Held that a railway engineer violating the rules of the company cannot recover, under the Federal Employer's Liability Act. Rask v. Atchison, T. & S. F. R. R. Co. (Kan.) 173 Pac. 1066.

Held that where employee of the company violated the blue flag rule he cannot recover, under the Federal Employers' Liability Act. Yoakum v. Lusk (Mo.) 223 S. W. 53. Dahlen v. Hines (Wis.) 267 Fed. 926; (S. C.) 105 S. E. 747, reads as follows:

"A yard conductor though injured as a result of the railroad's viola-

tion of the Federal Boiler Inspection Act (U. S. Comp. Stat., §§ 8630–8639) as amended by Act March 4, 1915 (U. S. Comp. Stat., §§ 8639a–8639d), in furnishing a defective engine which he attempted to operate in wilful violation of a rule forbidding his operation of engines, is not entitled to recover; his conduct in violating the rule being available as defense, whether it be called negligence or assumption of risk, referred to in Employers' Liability Act, §§ 3, 4 (U. S. Comp. Stat. §§ 8659–8660)." Froelich v. N. P. R. R. Co. 42 N. D. 550; Wingen v. Soo, 42 N. D. 517.

*Jacobson & Murray* and *M. S. Odle*, for respondent.

"It is apparent that trial court here, under this provision, no longer have power to set aside verdicts, because simply excessive, but can only do so when it is also found that the excess award is due to passion or prejudice." Waterman v. Soo Railway Co. 26 N. D. 540; York v. General Utility Corp. (N. D.) 176 N. W. 352.

"Neither is it possible to lay 'down rules according to which injustices due to verdicts of juries on questions of fact can be obviated in all cases. Verdicts which by subsequent demonstration, may be found to be unjust may nevertheless be of unquestionable legal validity. This may work to the disadvantage of either party for wrongs are perhaps as likely to result from the denial by juries of substantial damages for real injuries, as from awards for injuries which prove to be less serious than anticipated."

"The witnesses for the plaintiff testify that there is a lesion of the spinal cord, or a condition of traumatic neurosis. Those for the defendant say that, in their opinion, such a condition does not exist. For this court to say, then, that the plaintiff has not sustained the burden of proof as to the permanency of her injuries, would involve the question of usurpation of the functions of the jury in weighing the testimony upon a disputed fact relating to an existing condition." Larson v. Russel (N. D.) 176 N. W. 998.

"His lower rib was fractured, and he was badly injured and disabled. He suffered much pain, some expense in doctoring, and the impairment of his working capacity, and so the jury assessed his damages, at $4,000; and though the damage appeared rather excessive, that is not sufficient cause for disturbing the verdict. It is quite probable that the plaintiff would have settled for half the sum if he could have obtained it without

incurring the expense of an action and an appeal to this court. Where a party has to recover his damages at the end of a lawsuit, the expense is always a matter of some consideration." Lilly v. Elm Point Min. Co. (N. D.) 178 N. W. 128; Ash v. Washburn Lignite Coal Co. 186 N. W. 577; Rathbone v. Detroit United R. Co. (Mich.) 169 N. W. 884, 164 N. W. 143; Root v. Cudahy Packing Co. (Kan.) 147 Pac. 71; Wessler v. Great Northern R. Co. (Wash.) 155 Pac. 1063.

"Where, in an action for injuries, the evidence was such that the jury might well have found that plaintiff's injuries were permanent, and that, though he was forty-five years of age, and had previously earned $3.50 a day, he would not thereafter be able to earn money, a verdict in his favor of $20,000 would not be set aside on appeal as excessive." Bourke v. Butte Elev. R. Power Co. (Mont.) 83 Pac. 470.

"What constitutes negligent disobedience. Rules and orders are not held to forfeit the right of a servant where, otherwise, under the law, he would be entitled to recover, unless there has been a plain and manifestly negligent violation of the rule or order, according to its plain and obvious meaning, or unless such violation has been itself a contributory cause to the injury.

"Excuses for disobedience. The violation by a servant of a rule or order promulgated by the master for the conduct of his business, is not negligence per se, and his disobedience will be excused where the rule or order is unreasonable; where obedience is not practicable." 26 Cyc. 1269.

BIRDZELL, Ch. J. This is an appeal from a judgment in favor of the plaintiff for $10,000 and costs, in an action for personal injuries. The judgment was entered pursuant to a special verdict at a second trial of the action. At the first trial, the plaintiff had judgment for $4,559.50, and an appeal was taken to this court, where the judgment was reversed and a new trial granted (Daniels v. Payne, 48 N. D. 60, 182 N. W. 1010).

It is unnecessary to again state the facts in detail, as reference may be had for this purpose to the decision on the former appeal. The principal contention upon this appeal is that the verdict is excessive. This question was presented to the trial court by a motion for judgment non obstante, or, in the alternative, for a new trial, which motion was

denied. This court, when the former judgment was before it, in commenting on the prejudicial effect of certain improper remarks of counsel to the jury, called attention to the probable effect of such statements by pointing out the unsatisfactory character of the evidence going to establish permanent injury and the size of the verdict, but we specifically stated that the damages awarded were not necessarily "so large as to indicate passion and prejudice if awarded under the evidence at the end of an assuredly fair trial."

In support of the argument that the verdict is excessive, the appellant urges that the evidence as to the plaintiff's injuries is no stronger now then formerly. It is pointed out that the only treatment received by the plaintiff, aside from that given in the hospital in Brainerd, Minnesota, by Dr. DeRauf, in April, 1919, was eight treatments from an osteopathic doctor named Allen; that while the plaintiff had been examined by another competent physician, Dr. LaRose, the latter was not called to testify; and that Dr. DeRauf testified that the plaintiff was not, in his opinion, permanently injured. On the question of his injuries, the plaintiff testified in substance as follows: That he was forty-seven years of age; that he was knocked unconscious when he was struck by the defendant's speeder, and when he regained consciousness he felt severe pain in his back, hip and leg; that he could not work; that he had received a long gash in his chin, which was sewed up; that his head was badly bruised; that there are nights that he cannot sleep on account of his head; that two of his front teeth were knocked out and two broken off, which damage had been repaired by a dentist; that he had suffered lots of pain; that he still suffers pain in his back and is unable to work at hard labor, and still has pain in his head and dizziness; that he suffers from pain and nervousness to the extent that his sleep is disturbed; that he was strong and in good health before he was injured and never bothered with nervousness; that his kidneys give him trouble; that his knee is still somewhat stiff; and that since his injury he has not been able to do a man's work, or to earn pay accordingly. Dr. Allen testified that the plaintiff first consulted him on June 16th, 1919; that the lower part of the spine, in the lumbar region, showed signs of strain and tenderness; that he complained of a great deal of pain in the right knee and in the back; that he was weak; that the spine was badly twisted, the muscles somewhat swollen, and strained and sore; that

unless the condition found was remedied "particularly the spine straightened, or something done, there would be some permanent injury;" that he did not notice a great deal of improvement in plaintiff's condition while he was being treated; that he seemed to have less pain and not to suffer so much towards the last; that he treated him about a month, but did not discharge him, although the plaintiff quit coming. Dr. DeRauf, upon this trial, testified concerning the treatment in the hospital, and also concerning an examination given him on the occasion of the previous trial, which was a year prior to the present trial. He said that his general appearance was good; that the patient complained of tenderness in that region of his back that had been injured a year before; that his knee was possibly very slightly swollen; that he wore an elastic band over the knee, but there was no permanent injury that he could find; that he could find no injury that would be the cause of pain; that his reflexes were normal, indicating absence of injury to the spinal cord.

In the light of this evidence, considered, in view of the fact that approximately two years and a half had elapsed between the injury and the date of this trial, and the further fact that the trial court has held that the verdict is not excessive, can this court say that this verdict is so excessive as to indicate passion or prejudice, or that there is no substantial evidence to support it? It is elementary that in actions for personal injuries there is no precise rule for the measurement of damages, and that of necessity their assessment is left largely to the good sense of the jury. 13 Cyc. 136. And that the jury is required to take into consideration, among other things, the character of the injury, the degree of physical impairment resulting, the pain suffered, and all damages which the evidence shows had resulted, or will result, from the injury. 13 Cyc. 137; 8 R. C. 544. The operation of this rule, says Corpus Juris, "is not affected by the fact that, in the opinion of the reviewing court, the amount awarded by the jury is larger or smaller than it should have been, where there was evidence to sustain the verdict, and nothing to induce the belief that the jury was actuated by prejudice, partiality, or corruption." 4 C. J. 870. The previous verdict, and the lapse of time between the injury and the second verdict, are matters that must be taken into consideration by an appellate tribunal in determining whether or not a particular verdict should be set aside on the

ground of its excessiveness. 4 C. J. 867; 17 C. J. 1090; Missouri P. R. Co. v. Johnson, 59 Kan. 776, 53 Pac. 129; Wheeling & L. E. R. Co. v. Suhrwiar, 12 Ohio C. D. 809. We are of the opinion that the evidence contained in this record, considered in the light of the legal principles stated above, does not warrant the setting aside of the verdict by this court.

We are of the opinion that there is no merit in the contention that the plaintiff was walking upon the railroad track, in violation of the rules of the company. In view of what was said on the former appeal we deem it unnecessary to discuss the remaining contentions with respect to negligence, contributory negligence, and the special verdict. The judgment appealed from is affirmed.

BRONSON, GRACE, and CHRISTIANSON, JJ., concur.

ROBINSON, J., dissents.